IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No. 2:13-cv-14048-KMM

SECURITIES AND EXCHANGE
COMMISSION,

    Plaintiff,

v.

WILLIAM G. REEVES,

    Defendant.
_____/

## ORDER APPROVING FINAL JUDGMENT BY CONSENT

THIS CAUSE came before the Court upon the Parties' Motion for Final Judgment by Consent (ECF No. 3). On February 5, 2013, the Securities and Exchange Commission ("Commission") filed a Complaint (ECF No. 1) against Defendant William G. Reeves ("Defendant"). Defendant has entered a general appearance; consented to this Court's jurisdiction over him and the subject matter of this action; consented to entry of this Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction); waived findings of fact and conclusions of law; and waived any right to appeal from this Judgment. See Consent (ECF No. 3-1). UPON CONSIDERATION of the Motion for Final Judgment by Consent, the Complaint, the Consent, the pertinent portions of the record, and being otherwise fully advised in the premises, this Court enters the following Order.

I.

IT IS HEREBY ORDERED AND AJUDGED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Judgment by personal service or otherwise are permanently

restrained and enjoined from violating Sections 17(a)(2) and (3) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)(2), (3)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

    (a)    to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

    (b)    to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser

by, directly or indirectly, (i) creating a false appearance or otherwise deceiving any person, or (ii) disseminating false or misleading documents, materials, or information or making, either orally or in writing, any false or misleading statement in any communication with any investor or prospective investor, about:

    (A) any investment in or offering of securities;

    (B) the registration status of such offering or of such securities;

    (C) the use of investor funds; or

    (D) the misappropriation of investor funds or investment proceeds.

## II.

IT IS FURTHER ORDERED AND ADJUDGED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Judgment by personal service or otherwise are permanently

restrained and enjoined from violating Sections 5(a) and/or 5(c) of the Securities Act [15 U.S.C. § 77e(a) and (c)] by, directly or indirectly, in the absence of any applicable exemption:

(a) Unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise; or

(b) Making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed with the Commission as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act [15 U.S.C. § 77h].

### III.

Upon motion of the Commission, the Court shall determine whether it is appropriate to order a civil penalty pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)] and, if so, the amount of civil penalty. In connection with the Commission's motion for civil penalties, and at any hearing held on such a motion: (a) Defendant will be precluded from arguing that he did not violate the federal securities laws as alleged in the Complaint; (b) Defendant may not challenge the validity of the Consent or this Judgment; (c) solely for the purposes of such motion, the allegations of the Complaint shall be accepted as and deemed true by the Court; and (d) the Court may determine the issues raised in the motion on the basis of affidavits, declarations, excerpts of sworn deposition or investigative testimony, and documentary evidence,

without regard to the standards for summary judgment contained in Rule 56(c) of the Federal Rules of Civil Procedure. In connection with the Commission's motion for civil penalties, the parties may take discovery, including discovery from appropriate non-parties.

IV.

IT IS FURTHER ORDERED AND ADJUDGED that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant shall comply with all of the undertakings and agreements set forth therein.

V.

IT IS FURTHER ORDERED AND ADJUDGED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Judgment.

VI.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk of the Court is instructed to enter this Final Judgment forthwith and without further notice. The Clerk is further instructed to CLOSE this matter. All pending motions are DENIED AS MOOT.

DONE AND ORDERED in Chambers at Miami, Florida, this 27th day of February, 2013.

K. MICHAEL MOORE
UNITED STATES DISTRICT JUDGE

cc: All counsel of record